UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRST HORIZON HOME LOANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 09-CV-2182-B |
| | § | ECF |
| SECURITY MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Entry of Default Judgment (doc. 9), filed April 26, 2010. After review of the pleadings and evidence, the Court **GRANTS** Plaintiff's Motion and awards Plaintiff **$226,350.91** in damages, prejudgment interest of **5%** from November 16, 2009 to August 27, 2010, post-judgment interest of **.25%** from this day forward, and attorney's fees and costs in the amount of $4,000.25 .

### I.

### BACKGROUND

Plaintiff First Horizon Home Loans (hereinafter "First Horizon") filed this suit regarding the breach of a Mortgage Brokerage Agreement against Defendant Security Mortgage Corporation (hereinafter "SMC") on November 16, 2009. According to the Complaint, First Horizon and SMC entered into a binding Mortgage Broker Agreement (the "Agreement") under which SMC agreed to gather truthful and accurate information to aid First Horizon in the completion of loan applications. Based on information provided by SMC, First Horizon approved and funded a loan in

the amount of $204,720.00 for the purchase of a home for Megan Bednarz. At the time the loan application was submitted, SMC had knowledge that Bednarz had four additional mortgages totaling over $590,000. However, in breach of the terms of the Agreement, it failed to disclose this information to First Horizon when Bednarz's loan application was submitted. This information would have disqualified Bednarz for loan. As a result of SMC's failure to disclose this adverse information, First Horizon alleges it was forced to repurchase the loan in the amount of $226,350.91.

Accordingly, First Horizon initiated this civil action against SMC asserting a variety of causes of action, including a claim of common law fraud, statutory fraud, breach of contract, and negligent misrepresentation. On March 3, 2010, First Horizon filed a return of service, indicating that SMC was served on February 20, 2010. (doc. 6) SMC never filed an answer or other responsive pleading. Therefore, First Horizon secured an entry of default against SMC on April 16, 2010. (doc. 8) Subsequently, First Horizon filed the instant Motion for Default Judgment on April 26, 2010, asking the Court to award it damages in the amount of **$226,350.91**, as well as interest and attorneys' fees. The Court has reviewed First Horizon's pleadings and evidence and now turns to the merits of its decision.

## II.

## ANALYSIS

A default judgment against a defendant conclusively establishes the defendant's liability; however, it does not establish the amount of damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)(noting that after default the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages). Therefore, it is First Horizon's burden, in this case,

to establish an evidentiary basis for the damages it seeks. The Court now considers the evidence provided by First Horizon.

A.   *Damages*

First Horizon asserts that the mortgage loan at issue in this case was funded in the amount of $204,720. As a result of SMC's actions, it was forced to foreclose on the loan which resulted in a loss of $226,350.91. To that end, it has produced correspondence indicating that the amount of the loan was $204,720 and was repurchased in the amount of $226,350.91. (Pl. Ex. C.) First Horizon also produced an affidavit by one of its authorized agents, Chris Olliff confirming that the loan was funded in the amount of $204,720 and repurchased in the amount of $226, 350.91. (Pl. Ex. A & B.) The Court finds this sufficient evidence to support First Horizon's assertion that it was damaged in the amount of $226, 350.91 as a result of SMC's actions and will award such amount in damages.

B.   *Interest*

First Horizon also asks the Court to award both prejudgment and post-judgment interest, although it does not specify the amount it seeks in interest. Further, it has not identified for the Court any statute governing the award of prejudgment interest for the causes of action it brings in this case. In the absence of a statute governing prejudgment interest on federal causes of action, federal law indicates that traditional judge-made principles should decide the issue of prejudgment interest. *Gore, Inc. v. Glickman*, 137 F.3d 863, 865-66 (5th Cir. 1998) (citing *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194 (1995)).

Similarly, under Texas law, courts are to rely on general principles of equity to determine prejudgment interest when there is no enabling statute regarding prejudgment interest. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). The Texas Finance

Code does provide for prejudgment interest for damages arising from wrongful death, personal injury, and property damage claims. TEX. FIN. CODE ANN. §§ 304.101-103 (Vernon 1998 & Supp. 2005). While those claims are not at issue in this case, the Texas Supreme Court in *Johnson & Higgins* held that common law prejudgment interest should resemble the prejudgment interest law dictated in the statute. 962 S.W.2d at 530-31.

Thus, because under both federal and state law prejudgment interest is left to the Court's determination, the Court will follow the prejudgment interest rules described in the Texas Finance Code. Accordingly, the prejudgment interest rate is **5.00%**.[1] As for when prejudgment interest began to accrue, the letter submitted by First Horizon establishes that a demand for reimbursement was made to SMC on July 7, 2009 (Pl. Ex. C) and suit was filed on November 16, 2009. Because November 16, 2009 is the earlier of (1) 180 days after July 7, 2009 and (2) the date suit was filed, prejudgment interest will accrue from November 16, 2009. TEX. FIN. CODE ANN. §§ 304.101-103.

Regardless of whether a cause of action is based on state law or federal law, federal law determines post-judgment interest. *See Boston Old Colony Ins. Co. v. Tiner Assoc., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that federal post-judgment interest applies even in diversity cases). The federal post-judgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment. At this time, the post-judgment interest rate is **.25%**.[2] Therefore, the Court awards post-judgment interest from this date forward of **.25%**.

---

[1] Texas Interest Rates found at http://www.occc.state.tx.us/pages/int_rates/Indext.html.

[2] Post-Judgment Interest Rate found at http://www.txnd.uscourts.gov/publications/pjrate.html.

C.  *Attorneys' Fees*

First Horizon also includes a prayer for attorneys' fees under Texas Civil Practices and Remedies Code § 38.001. Pursuant to § 38.001, a plaintiff can recover attorney's fees in a suit for breach of a written contract. Because attorney's fees may be recovered under § 38.001 and First Horizon has provided any evidence of reasonable attorneys' fees, the Court will award the requested attorneys' fees.

## III.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment (doc. 9). The Court will issue a Judgment requiring SMC to pay First Horizon **$226,350.91** in damages, prejudgment interest of **5.00%** from November 16, 2009 to August 27, 2010, post-judgment interest of **.25%** from this day forward, and attorney's fees and costs in the amount of **$4,000.25**.[3]

**SO ORDERED.**

**SIGNED September 16, 2010.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] Prejudgment interest shall be computed as simple interest. TEX. FIN. CODE. ANN. §304.103. Post-judgment interest shall be compounded annually. 28 U.S.C. § 1961(b).